Plum *v.* Smith.  .

---

JOSEPH S. PLUM, executor of the will of Joseph Plum, deceased,

*v.*

JOHN B. SMITH, administrator of the estate of Hannah Plum, deceased, and Joseph S. Plum et ux.

[Filed April 1st, 1898.]

1. A general clause in an answer in equity, reserving exceptions, will be stricken out as in contravention of rule 208.

2. A will devised $2,000 in trust to the executor (one of testator's sons), the interest to be paid to testator's widow until her marriage or death, when the principal was to be divided among his children. The $2,000 was invested in a mortgage, and subsequently the executor, individually, bought the land and assumed the mortgage. Afterwards he became insolvent, and, on the death of his mother, brought suit to foreclose the mortgage, making only the executor of his mother, himself individually and his wife defendants.—*Held,* that there was a lack of necessary parties defendant, since all the beneficiaries in the fund should have been made parties.

3. The objection of lack of necessary parties defendant should precede the filing of a cross-bill.

4. A cross-bill seeking the distribution of a trust fund created by will and to subject complainant's share of the trust fund to the payment of a judgment obtained against him by one of defendants, is multifarious.  .

5. The share of complainant in a trust fund created by will, and for the recovery of which entire fund he sues, cannot be subjected by a cross-bill to the payment of a judgment obtained against him by one of defendants.

Plum v. Smith.

On motion to strike out the general clause of an answer reserving exceptions, in contravention of the prohibition of rule 208, and to dismiss all of the answer which is filed by way of cross-bill.

The original bill was filed to foreclose a $2,000 mortgage made on the 22d of March, 1892, by one Israel Bateman to the complainant and Hannah Plum, his co-executrix, upon land in Hunterdon county, conditioned for the payment of $2,000 upon the death or marriage of Hannah Plum, with lawful interest, payable annually from the 1st of April, 1892. The bill alleges the conveyance of the mortgaged premises by Israel Bateman to Joseph S. Plum, individually, on the 28th day of March, 1892, six days after the making of the mortgage, the recovery of a judgment by Hannah Plum against Joseph S. Plum on the 4th of December, 1894, the death of Hannah Plum, intestate, upon the 20th of July, 1895, and the appointment of John B. Smith as the administrator of her estate on the 27th of August, 1895. It prays process against Joseph S. Plum, individually, and his wife and Smith as the defendants in the suit.

The defendant Smith answered the bill, claiming the validity and lien of the judgment against Joseph S. Plum, and by way of cross-bill against Joseph S. Plum, set forth that the mortgaged premises were the property of Joseph Plum in his lifetime; that Joseph Plum was the father of Joseph S. Plum and the husband of Hannah Plum; that Joseph Plum died testate on the 15th of December, 1890; that by his will he gave to his son, Joseph S., a pecuniary legacy, and gave his household furniture except a wardrobe to his wife and the wardrobe to his daughter, Mary; that the will made this provision:

"I give and bequeath to my beloved wife, Hannah, the interest of two thousand dollars as long as she lives and remains unmarried and my widow, to be left secured on my real estate, but on her decease or marriage to be equally divided among my children;"

that after the payment of the testator's debts and funeral expenses the residue of the estate is given to the testator's three children in equal shares.

Plum *v.* Smith.

The cross-bill further represents that after the death of Joseph Plum, the executor and executrix of the will sold the mortgaged premises to Mr. Bateman, taking back from him the mortgage in question; that Joseph S. Plum did not pay Hannah Plum the interest on the $2,000, and has not since her death paid it to her administrator, Smith; that after the payment of the debts of Joseph Plum and the legacies bequeathed by his will, nothing of his estate remains but the mortgage sought to be foreclosed by the original bill; that Joseph S. Plum has no property out of which the judgment against him in favor of Hannah Plum can be made by execution; that the mortgaged premises will not sell for sufficient to pay the $2,000 mortgage and the interest in arrears thereon in full, and that as son of Joseph Plum, Joseph S. Plum will be entitled to some portion of the recovery had upon that mortgage. Upon this allegation of facts the defendant Smith insists, first, that the interest of the $2,000 during the life of Hannah Plum, by the will of Joseph Plum is made a first charge or lien upon the recovery to be had from the mortgaged premises, before the principal sum of $2,000, and that it is to be first paid to him in full and not to abate proportionately with the *corpus* if the proceeds of sale of the mortgaged land shall not be sufficient to pay both *corpus* and interest in full, and second, that he should in this suit have recourse to the share of Joseph S. Plum in the *corpus* recovered in the foreclosure, for the payment of the judgment of Hannah Plum.

The complainant moves to strike out a clause of the answer, reserving exceptions, and to dismiss the cross-bill, on two grounds, because (1) it " is multifarious, seeking a construction of the will of Joseph Plum, deceased, the settlement of his estate in this court, and is a creditor's bill exhibited against a co-defendant," and (2) it " seeks to litigate matters between the defendant and complainant, and between the said defendant and his co-defendant Joseph S. Plum, which are not the subject of the original suit."

*Mr. John A. Bullock,* for the motion.

*Mr. John T. Bird* and *Mr. John B. Huffman, contra.*

THE CHANCELLOR.

The motion to strike out the clause of the answer which reserves exceptions must prevail. The two hundred and eighth rule forbids the incorporation of that clause in an answer.

The questions which the cross-bill seeks to present are, first, whether in case enough shall not be realized to pay the whole $2,000 with the interest in arrears, the full interest should not, under a proper construction of the will of Joseph Plum, be paid to the administrator of the widow out of whatever may be realized for both principal and interest, and second, whether the distributive share of Joseph S. Plum, in the fund to be divided among the children of his father, should not be subjected to the payment of the judgment that Hannah Plum recovered against him.

According to the allegations of the cross-bill, the complainant is really a trustee seeking the recovery of the trust fund which he has invested. With the recovery and immediate distribution the trust will terminate. The trustee is irresponsible. He is the owner of the property which is held as security for the fund. I think that his *cestuis que trustent* are necessary parties to his suit, and that the court should not suffer him to proceed to sale and have the possession of the money realized, before the *cestuis que trustent* shall be, as parties, heard. And, under the circumstances, I also think that a cross-bill which seeks a direct distribution of the whole trust fund by the court, when it shall be recovered, will justly and with eminent appropriateness lie.

The difficulty at present is that upon the face of the original bill the special trust character of the $2,000 investment does not distinctly appear. The terms of the will under which the executor acts are not stated, and, although the allegation that the mortgage was to continue till the death or marriage of Hannah Plum, indicated that the investment was to answer a particular purpose, yet, from the will, that purpose and the *cestuis que trustent* concerned in it are not ascertainable.

A plea would properly have shown a lack of parties.

The making of the objection of lack of parties and its determination should have preceded the cross-bill, in order that all

parties necessary to the final decision of the question raised by the cross-bill should be before the court.

I do not mean to say that the answer might not have been so framed as to cause the court to arrest the suit until the necessary parties should be brought in, so that they could be served with the answer by way of cross-bill, but that course is objectionable because it creates a delay and the confusion and annoyance of a double hearing, for proofs will be taken before the arrest of the cause will come, and new parties will have the right to review the proofs taken.

I think that the objection is well taken that the cross-bill is multifarious in that while it seeks a construction of the will and distribution of the trust fund (a matter common to all the parties at present in the suits, and the remaining children of Joseph Plum or the holders of their interest), it at the same time seeks to apply the share in the $2,000 to which Joseph S. Plum, as a *cestui que trust,* may be entitled, to the payment of a judgment against him held by a single defendant. Such joining of claims presents issues which are independent of each other, and which concern different parties, and in which all the parties necessary to the suit are not concerned, and issues which those parties should not all be obliged to follow or be burdened with. *Story Eq. Pl. 270.*

Besides, the judgment matter does not appear to be the proper subject of cross-bill. It is an independent effort to subject a debtor's property to the payment of a judgment at law. It has no connection with or relation to the matter of the original suit. Its object can and should be accomplished by an independent bill, and through the instrumentality of injunction and receiver.

I will make this disposition of the motions : I will deny the motion to dismiss the cross-bill, but will strike out that part of the cross-bill which seeks relief with reference to the judgment. The complainant may amend his bill by reference to the second paragraph of the will of Joseph Plum, and the investment of the $2,000 in pursuance of the direction of that paragraph, and by making the other children of his father, or the holders of their interests, parties defendant to the bill. And he may by

due process bring them into court. When the original bill shall be thus amended and the new parties shall be brought into court, I will permit the cross-bill to be amended so as to include those new parties, in order that it may be served upon them, and they may answer it. If the original bill shall not be amended as above suggested, I will give the defendant Smith leave to withdraw his answer and cross-bill and file a plea, so as to present lack of parties.

Costs will be allowed to the complainant upon the motion to strike out the clause of the answer which reserves exceptions, but they will not be allowed to either party on the motion to dismiss the cross-bill.

I have felt constrained to go somewhat beyond the motions in dealing with this case, in order to expedite its proper presentation on the merits, because it concerns a trust in which the trustee occupies an anomalous position, which awakens the court's serious and jealous attention.